UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LAMONT TAYLOR,<br><br>    Petitioner,<br><br>    v.<br><br>LANKFORD, et al.,<br><br>    Respondents. | Case No.: 1:14-cv-01185-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDERING DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

      Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      The instant petition was filed on July 15, 2014 in the United States District Court for the Northern District of California. (Doc. 1). On July 29, 2014, the case was transferred to this Court. (Doc. 4).

      Petitioner alleges that he is in custody of the California Department of Corrections and Rehabilitation and serving a term of 28 years to life for a 2001 conviction in the Los Angeles County Superior Court for possession of a controlled substance. (Doc. 1, Ex. A, p. 11). However, Petitioner emphasizes he is not challenging either his conviction or sentence. (Doc. 1, pp. 1-4). Rather, Petitioner contends that Respondent has shown "deliberate indifference" to his "serous medical needs," rising to the level of "elder abuse," denial of his due process rights, and "cruel and unusual punishment." (Doc.

1

1, pp. 4-5). Petitioner then refers the Court to Exhibit A for more specific allegations. Exhibit A is a compendium of various habeas corpus petitions filed by Petitioner in the state courts over several years, medical reports regarding Petitioner's physical condition and treatment, and portions of Petitioner's prison medical chronos. (Doc. 1, Ex. A). In his prior state habeas petitions, apparently incorporated by reference into the instant petition, Petitioner contends that the denial of adequate medical services by Respondent is racially based, violates his right to due process, and constitutes cruel and unusual punishment. (Doc. 1, Ex. A, p. 12). Exhibit A also includes various complaints and requests by Petitioner against Respondent for its failure to provide adequate medical accommodations in prison for a variety of ailments, including, inter alia, limited mobility, seizures, impaired hearing, bipolar disorder. (Doc. 1, Ex. A, p. 43).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that he has been denied adequate medical treatment at various times during his incarceration or, alternatively, that the medical treatment he has received has been inadequate.  Petitioner does not challenge any aspect of his underlying conviction or sentence.  To the contrary, he is challenging the conditions of his confinement, not the fact or duration of that confinement.  No relief requested by Petitioner in his petition would affect the fact or duration of Petitioner's sentence.  Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED for Petitioner's failure to state any cognizable federal habeas claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one  (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 1, 2014**            /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE